NOT DESIGNATED FOR PUBLICATION

Nos. 117,013
117,014

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER BEHNKE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed October 27, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before BUSER, P.J., BRUNS, J., and STUTZMAN, S.J.

PER CURIAM: Christopher Behnke appeals the district court's decision to revoke his probation and impose the underlying sentence in two criminal cases. We consolidated the two cases for the purposes of this appeal. We also granted Behnke's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). Finding no error in the district court's ruling, we affirm.

*Procedural History*

This appeal arises out of the sentences Behnke received in Saline County case No. 14 CR 788 and Saline County case No. 14 CR 1294. In case No. 14 CR 788, Behnke pled

1

no contest to—and was convicted of—fleeing or attempting to elude a police officer, felony theft, and driving without proof of insurance. On the day Behnke was sentenced in case No. 14 CR 788, he also pled no contest to—and was convicted of—a charge of felony theft in case No. 14 CR 1294.

In case No. 14 CR 788, Behnke was granted a downward dispositional departure from a presumptive prison sentence. He was sentenced to 22 months but granted 12 months' probation. The probation in case No. 14 CR 788 was to run consecutive to Behnke's probation in a prior case—Saline County case No. 13 CR 842—which the district court extended for 12 months due to a stipulated violation. Subsequently, the district court sentenced Behnke to 16 months for the conviction in case No. 14 CR 1294 but granted him 12 months' probation to run consecutive to his probation in the other cases.

On August 15, 2016, Behnke pled guilty to charges in two new criminal cases. In one, he pled guilty to theft. In the other, he pled guilty to interference with law enforcement or obstruction of an official duty and transporting liquor in an open container. In addition, Behnke stipulated to violating the terms of his probation in case Nos. 13 CR 842, 14 CR 788, and 14 CR 1294.

At a joint sentencing and probation revocation hearing, the district court denied Behnke's request for dispositional and durational departures and imposed the presumptive prison sentences in the two new cases. The district court also revoked Behnke's probation and imposed the underlying sentences in case Nos. 13 CR 842, 14 CR 788, and 14 CR 1294. The journal entries in these cases state that the district court revoked Behnke's probation under the authority of K.S.A. 2016 Supp. 22-3716(c)(8). Behnke appealed the revocation of his probation in case Nos. 14 CR 788 and 14 CR 1294—which are the subject of this appeal.

2

*Legal Analysis*

On appeal, Behnke argues the revocation of his probation was an abuse of the district court's discretion because it does not adequately address his addiction to drugs. When probation is granted, it is done as an act of grace by the district court and generally as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once a probation violation has been established, the district court has the discretion to revoke the probation and order the defendant to serve the underlying sentence.

We review the decision to revoke probation for abuse of discretion. *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016). Judicial discretion is abused when the action of the court is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party claiming an abuse of discretion bears the burden of showing the abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

While the district court has discretion to revoke probation and impose the underlying sentence, the Legislature has placed limits on the ability to exercise that discretion. Generally, before imposing the underlying sentence the district court must impose a series of graduated sanctions. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). However, several exceptions to this general rule exist. One of these exceptions is found at K.S.A. 2016 Supp. 22-3716(c)(8)(A), which permits a district court to impose an underlying sentence without the imposition of an intermediate sanction when an offender commits a new criminal offense while on probation.

Here, a review of the record reveals that Behnke pled guilty to—and was convicted of—theft, interference with law enforcement or obstruction of an official duty,

3

and transporting liquor in an open container. Each of these new crimes was committed while Behnke was on probation. Accordingly, it was within the discretion of the district court to revoke Behnke's probation and impose his original sentences. K.S.A. 2016 Supp. 22-3716(c)(8)(A); see, e.g., *State v. Chambers*, No. 104,476, 2011 WL 135037, at *2 (Kan. App. 2011) (unpublished opinion), *rev. denied* 291 Kan. 914 (2011).

There has been no showing that the district court acted unreasonably, made an error of fact, or made an error of law in revoking Behnke's probation and imposing his original sentences in this case. Rather, although Behnke contends that his drug addiction was the root cause of his criminal behavior, we find the district court's decision to be reasonable based on Behnke's commission of new crimes while he was on probation. Moreover, we note that the district court was required to run Behnke's sentences in the new offenses consecutive to the underlying sentences for the prior offenses. K.S.A. 2016 Supp. 21-6606(c); see *State v. Hilton*, 295 Kan. 845, 851, 286 P.3d 871 (2012). Thus, we find the district court's imposition of Behnke's underlying sentences to be appropriate both legally and factually.

We, therefore, conclude that the district court did not abuse its discretion in revoking Behnke's probation and imposing the underlying sentences.

Affirmed.